IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON WALLS,

        Plaintiff,                      No. CIV S-08-1872 FCD EFB P

    vs.

B. C. ADAMS, et al.,,

        Defendants.              <u>ORDER AND</u>
                                                  <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Therefore, he must pay the $350 filling fee in full, as directed below. *See* 28 U.S.C. § 1914(a), 1915(b)(1), (2).

       For the reasons explained below, the court finds that this action must be dismissed without prejudice for plaintiff's failure to exhaust the available administrative remedies before commencing this action. *See* 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

////

**I.      Facts**

Plaintiff filed his initial complaint on August 12, 2008. On plaintiff's complaint form, question II .C. asks whether plaintiff has completed the process of exhausting administrative remedies. Plaintiff answered, "No." On November 25, 2008, plaintiff filed a document styled, "Administrative Remedies," in which he informed the court that he was having difficulty utilizing the prison appeals process. He attaches copies of a grievance resolved on the first and second levels of review, but not on the Director's Level of Review. On December 23, 2008, plaintiff filed a document styled, "Administrative Remedies Exhausted," informing the court that he had obtained a decision on the Director's Level of Review. Plaintiff filed a first amended complaint on January 21, 2009, in which he asserts that he has exhausted the available administrative remedies.

**II.     Standards**

The Prison Litigation Reform Act of 1995 was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, a plaintiff must exhaust before commencing suit. *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits a complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust the available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.*; *McKinney*, 311 F.3d at 1198.

1 | California's administrative appeal system is fairly straight-forward. California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

## III. Analysis

In the initial complaint, plaintiff admits that he did not exhaust before commencing suit. He subsequently filed documents informing the court of the status of his attempts to exhaust and of when he actually completed the exhaustion process. As noted, this court cannot stay a civil rights action while a plaintiff exhausts. It therefore does not matter for purposes of the exhaustion requirement that plaintiff completed the administrative appeals process before he filed his January 21, 2009, amended complaint. Plaintiff did not comply with 42 U.S.C. § 1997e(a). Thus, this action must be dismissed.

## IV. Conclusion

Plaintiff has conceded that he did not exhaust the available administrative remedies before commencing suit. Therefore, this action must be dismissed without prejudice.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust

account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

It further is RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to exhaust the available administrative remedies before commencing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4