IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON WALLS,

      Plaintiff,                             No. CIV S-08-1872 FCD EFB P

     vs.

B.C. ADAMS, et al.,

      Defendants.                   <u>ORDER</u>

                              /

       Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion for relief from the judgement entered July 8, 2009.

       On May 4, 2009, the magistrate judge found that plaintiff failed to exhaust the available administrative remedies before commencing suit and recommended that this action be dismissed. Dckt. No. 15. The findings and recommendations contained notice that objections must be filed within 20 days.[1] *Id.* On July 8, 2009, the undersigned adopted the findings and

---

[1] Shortly after judgment was entered, plaintiff notified the court that he was not receiving the court's orders. Dckt. No. 21. In the motion now under consideration, plaintiff also states that he did not receive the findings and recommendations before judgment was entered. Dckt. No. 22, at 1-2. The Clerk properly served the findings and recommendations on plaintiff, and it does not appear from the docket that plaintiff was transferred around the time of September 25, 2009 service. Neither does it appear that the findings and recommendations were returned to the court. However, the court has the responsibility only to serve documents on a party and not to ensure their delivery.

1

recommendations, and dismissed this action without prejudice. Dckt. No. 19. Thus, the Clerk entered judgment. Dckt. No. 20. Plaintiff filed the instant motion on August 4, 2009. Dckt. No. 22.

Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Here, plaintiff argues that the magistrate judge erred by finding that he commenced suit before exhausting the remedies available through the California Department of Rehabilitations and Corrections. Dckt. No. 22. He asserts that he received a decision from the Department's highest level of review on December 11, 2008, and did not bring this action until May 27, 2009. *Id.*

The docket, however, discloses no indication that a document was filed on May 27, 2009. Furthermore, in the findings and recommendations the magistrate judge determined that plaintiff commenced this action with his August 12, 2008, complaint. Dckt. Nos. 1, 15, at 2. He further found that in the initial complaint, plaintiff conceded that he had not exhausted the available administrative remedies. *Id.* Indeed, plaintiff himself informed the court that he did not complete the exhaustion process until December 11, 2008. Dckt. No. 11. The magistrate judge's findings were accurate and his recommendation was correct. Plaintiff has not shown any reason to vacate or modify the judgment to alter this conclusion.

Accordingly, plaintiff's August 4, 2009, motion to vacate judgment is denied.

So ordered.

Dated: September 30, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE